## OHIO SAV & LN Co v BAKER

Ohio Appeals, 8th Dist, Cuyahoga Co

No 10953.  Decided Nov 10, 1930

Spring & Sayre, Cleveland, for Sav & Ln Co.

Sol Edgert, Abraham Kollin, Moses Benjamin, and J. A. Blackman, all of Cleveland, for Baker.

VICKERY, PJ.

It is a well settled doctrine that where a man having a lesser title like a title by mortgage deed becomes the owner in fee, the lesser title is merged in the greater; that the mortgage, in other words, is cancelled as a man cannot have a mortgage upon his own property.  Of course, if it was intended to keep this mortgae alive and not intended to merge the mortgage but to keep the mortgage a living obligation, it could be taken in the name of a third person so that no merger might result, and we think that if this had been done in this case, notwithstanding it might have been an employee of the bank, the title would not necessarily have merged, and the mortgagee could have foreclosed

the mortgage and have had a deficiency judgment against the assumers of the notes and makers thereof.

But the record in this case shows that that was not the intention. The intention was to have the mortgage obliterated and the consideration for transferring it to The Ohio Savings and Loan Company or its employee was to make a foreclosure unnecessary. That plainly appears from the testimony of Mr. Ramano and the other testimony in the action.

Now, then, the question arises why was it put in the name of Pingle, an employee of the bank? That is perfectly obvious. The bank did not want to have it appear upon its books that it owned too much real estate. It might be criticized and so, for the purpose of avoiding that criticism it would rather carry this as a loan and so for that purpose it had Pingle, who it admits was its trustee, and who it admits could and would deed to them at any time, take the title; and the reason why the notes were not given up and the mortgage cancelled was, as already outlined, for the purpose of having The Ohio Savings and Loan Company not carry too much real estate upon its books.

Now it is perfectly apparent from this record that that was the purpose of this transfer from Romano to the Loan Company, the purpose of this whole transaction, the title being taken in Pingle's name for the reasons above outlined. Now this being so, The Ohio Savings and Loan Company became the owner of that property and it was not necessary to sell at sheriff's sale the property it owned and, therefore, there could be no deficiency judgment against the appellants in this case, against those defendants whose names appeared in the chain of title and who assumed the mortgage. To permit anything of that kind would be to permit The Ohio Savings and Loan Company to get the property, and inasmuch as there was no sale or no sale price, it could recover a judgment against these defendants for the full amount of the claim, while already having the property upon which it made the loan. The law never intended by the doctrine of merger to accomplish any such unjust thing as that.

From this record we can come to no other conclusion than that this property now stands for all intents and purposes in the name of The Ohio Savings and Loan Company, and for all intents and purposes the mortgage and the notes have been paid by the transfer of this title to it, for Pingle its employee is a mere conduit, from whom it can get the title at any moment.

Under the well established doctrine in this State we think the law of merger applies and The Ohio Savings and Loan Company having become the owner of the property has lost its right to foreclose its mortgage at sheriff's sale and it has lost its right to recover a judgment for any deficiency, because there could be no deficiency, and the merger would wipe out and pay the notes and the mortgage, and all The Ohio Savings and Loan Company has to do is to cancel the mortgage, surrender the notes and get the deed from Mr. Pingle, and it has all the property it loaned the money upon.

This being our view of this case we think the decree in this should be: Decree for defendants, order see journal.

Levine and Cline, JJ, concur.